IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>WOODMEN OF THE WORLD LIFE INSURANCE SOCIETY and/or OMAHA WOODMEN LIFE INSURANCE SOCIETY,<br><br>Defendant.<br>--------------------------------------------------------<br>LOUELLA ROLLINS,<br><br>Intervenor/Cross-Plaintiff,<br><br>v.<br><br>WOODMEN OF THE WORLD LIFE INSURANCE SOCIETY and/or OMAHA WOODMEN LIFE INSURANCE SOCIETY,<br><br>Cross-Defendant. | 8:03CV165<br><br><br>MEMORANDUM AND ORDER |

This matter is before the court on defendant Woodmen of the World's request to issue a second order requiring intervenor/cross-plaintiff Louella Rollins to arbitrate her claims. Filing No. 99. On or about August 17, 2004, this court ordered Rollins to arbitrate her claims. Filing No. 65. The parties then agreed on an arbitration agreement and chose David Blair as the arbitrator. In May 2005, nine months later, Rollins filed a motion for relief from the memorandum and order of August 17, 2004, and then an amended motion for relief and asked that she not be required to arbitrate. Filing Nos. 76 and 94. These

motions are also currently before the court. Rollins is primarily concerned with the costs of the arbitration, as her financial situation has made arbitration unaffordable. Filing No. 77; Filing No. 79, Ex. 1. Rollins contends that her financial situation is newly discovered evidence under Fed. R. Civ. P. 60 and, therefore, her new circumstances should be considered in accordance with its equitable powers by this court. Defendant Woodman has filed a brief in opposition to the request for reconsideration. Filing No. 83. The EEOC has filed a motion to reply to Rollins which the court will grant. Filing No. 98. The court has reviewed the EEOC's response and has considered the arguments of the EEOC. Rollins, on August 4, 2005, notified this court that she has now filed bankruptcy in the District of Pennsylvania. Filing No. 105.

In general, the burden is on Rollins to show that the cost of arbitration is prohibitive. *Green Tree Financial Corp. v. Randolph*, 531 U.S. 79, 91 (2000). Rollins must show the amount of fees and expenses which she would incur as well as offer evidence of the inability to pay those fees. *Faber v. Menard, Inc.*, 367 F.3d 1048, 1054 (8th Cir. 2004); *Musnick v. King Motor Co.*, 325 F.3d 1255 (11th Cir. 2003). Rollins first argues that she did not have legal representation to conduct the arbitration on her behalf, as she had discharged her attorney. Rolllins has also offered an exhibit that shows the arbitrator has already assessed $4,000 for reviewing the briefs and documents submitted by the parties. Third Aff. of Rollins, Ex. 5; that the arbitrator intends to charge $1,850 per day for a period of up to ten days for arbitration; Second Aff. of Rollins, Ex. 1, para. 8, and Ex. 2; that the arbitrator in this case requires the attorney to pay for all of the fees and expenses, in the event they are not paid by the parties. Second Aff. of Rollins, Ex. 1, para. 8; and that Rollins would be required to pay substantial sums for arbitration for discovery, witnesses,

expert witnesses and briefing. Rollins argues that the total cost to arbitrate will range from $50,000 to $100,000. She alleges that her income at present is $13,000 and she has about $5,000 in checking and savings accounts. She contends that she would not incur such expenses in the lawsuit, as she is merely an intervenor and the plaintiff EEOC will incur most of those costs. In addition, both Rollins and the EEOC now contend that the bankruptcy just filed by Rollins prohibits her going forward with the arbitration. However, it would not prohibit the EEOC from continuing the lawsuit. *Equal Employment Opportunity Comm'n v. Rath Packing Co.*, 787 F.2d 318, 325-26 (8th Cir. 1986).

The EEOC has likewise requested that this court halt arbitration in this case. Because Rollins is merely an intervenor, the EEOC believes, separate and apart from the bankruptcy issues, that the court should not allow arbitration, particularly since it believes that Rollins as an intervenor has no right to independently litigate her own claims. The EEOC now vehemently argues that arbitration is not appropriate and would hinder the EEOC's ability to litigate this lawsuit. The court is not pleased with the failure of the EEOC to address this issue when it first arose in 2004. It would have been most helpful to the court had the EEOC submitted its argument to the court in a timely manner. However, after reviewing the law, the court believes that the EEOC is correct. *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 291 (2002).

After reviewing the most recent submissions provided by counsel, the court concludes that the parties will no longer be required to arbitrate. First, Rollins has made a sufficient showing that she does not have the funds to arbitrate this case, particularly when the costs seem to be spiraling. She will apparently be able to piggyback the discovery and litigation costs that will be paid by the EEOC. Second, the court finds the

arguments of the EEOC to be credible and persuasive. The EEOC contends that the structure that allows it to pursue its interest on behalf of the public will be harmed if intervenors are required to arbitrate their claims. Third, Rollins has now filed for bankruptcy and has listed this lawsuit on her schedules. Consequently, the court will grant Rollins' motion to relieve her from her duty to arbitrate.

IT IS THEREFORE ORDERED:

1.  The motion to respond, Filing No. 98, is granted;

2.  Woodmen's motion to compel arbitration, Filing No. 99, is denied;

3.  Rollins' motions for relief, Filing Nos. 76 and 94, are granted. This case is no longer referred for arbitration and the magistrate is instructed to progress the case.

DATED this 25th day of August, 2005.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge