IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT, OPPORTUNITY COMMISSION, | ) ) ) | 8:03CV165 |
| Plaintiff, | ) ) | |
| vs. | ) ) | ORDER |
| WOODMEN OF THE WORLD LIFE INSURANCE SOCIETY AND/OR OMAHA WOODMEN LIFE INSURANCE SOCIETY, | ) ) ) ) ) | |
| Defendant. | ) ) | |
| _____ | ) ) | |
| LOUELLA ROLLINS, | ) ) | |
| Intervenor/ Cross-Plaintiff | ) ) ) | |
| v. | ) ) | |
| WOODMEN OF THE WORLD LIFE INSURANCE SOCIETY AND/OR OMAHA WOODMEN LIFE INSURANCE SOCIETY, | ) ) ) ) ) | |
| Cross-Defendant. | ) | |

This matter is before the court on defendant's motion to amend and for miscellaneous relief, Filing No. 112; defendant's appeal and motion for stay pending appeal, Filing No. 117; and objection to the order of the magistrate[1] referring this case to bankruptcy, Filing No. 115. The court has carefully reviewed the record and determines that these two motions will be denied.

---

[1]The plaintiff filed this objection alleging it would not be subject to any stay issued because of the intervenor's bankruptcy. This case has been returned from both the bankruptcy court for the District of Nebraska and for the Middle District of Pennsylvania. Consequently, the court will deny this motion, Filing No. 115, as moot.

**Procedural Posture**

The procedural posture of this case is important. The plaintiff, EEOC, filed this suit on April 29, 2003, and filed an amended complaint on May 22, 2003. Filing No. 10. Defendant then filed a motion to dismiss, Filing No. 15, on the basis of alleged procedural bars. The court denied the motion to dismiss. Filing No. 48. During this period of time, Louella Rollins filed a motion to intervene, Filing No. 27, which the court granted. Filing No. 29. Rollins also filed a cross-claim against the defendant, Filing No. 32, and defendant filed a motion to dismiss the cross-claim. Filing No. 35. Defendant then filed a motion to amend the court order and for certification of an interlocutory appeal. Filing No. 49. The court granted the motion to certify an immediate appeal, Filing No. 58, and issued a stay. The Eighth Circuit thereafter denied the motion for an interlocutory appeal, Filing Nos. 61-63. Finally, fourteen months after the case was filed, the defendant filed an answer. Filing No. 64. The court denied defendant's motion to dismiss, Filing No. 35, but granted defendant's motion to require intervenor Rollins to arbitrate pursuant to an arbitration agreement with the defendant. Filing No. 65. Thereafter, Rollins' attorney withdrew and new counsel filed an appearance. Filing Nos. 70, 71 and 74. New counsel filed a motion and an amended motion asking this court to reconsider its arbitration ruling. Filing Nos. 76 and 85. In addition, the EEOC then filed a motion to submit its position on the issue of arbitration, Filing No. 98, and the court thereafter granted the motions for relief and withdrew its order to arbitrate. Filing No. 107. During this time period, the court became aware that Rollins filed a bankruptcy notice. The court then referred this case to the Bankruptcy Court for the United States District Court for the District of Nebraska. Filing No. 109. Then, the defendant filed a motion to amend my order withdrawing the order for arbitration, Filing No. 112. Plaintiff filed an objection to the referral of this case to

2

bankruptcy, Filing No. 115. Several weeks later defendant filed a notice of appeal and a stay pending appeal, Filing No. 117, evidently to protect itself against the possibility of the appeal time running on the motion to alter the judgment, Filing No. 112, while the case was in bankruptcy. Thereafter, the bankruptcy judge recommended that the case be withdrawn from the bankruptcy court, Filing No. 118. The plaintiff filed an opposition to the motion to stay, alleging that it is not a party to the arbitration agreement. Filing No. 119. The court ordered that referral to the Nebraska bankruptcy court be withdrawn, and the court further ordered that the case be stayed pending a hearing in the Bankruptcy Court for the Middle District of Pennsylvania where intervenors' bankruptcy is filed. Filing No. 120. The court required that the parties notify it when the bankruptcy court ruled on the stay and further advise the court as to how to proceed in this case. *Id.* The defendants submitted briefs in support of their position, Filing Nos. 121 and 122, as did the plaintiff, Filing No. 128. The parties also submitted a stipulated order signed by Bankruptcy Judge Mary France of the Bankruptcy Court for the Middle District of Pennsylvania, and the bankruptcy has now been converted to a Chapter 13. Filing No. 129.[2]

**How the Court Will Proceed**

The Bankruptcy Court for the Middle District of Pennsylvania determined, pursuant to 11 U.S.C. § 362, that the automatic stay, if determined to apply, is modified with respect to the Title VII action in this court to the extent necessary to litigate this case. Filing No. 129. After reviewing the record, the court determines the automatic stay need not apply to litigation of the substantive issues in this case. Although the plaintiff did not originally

---

[2] The procedural posturing of this case is troublesome. It took in excess of one year to file an answer in this case. The case is nearly three years old, and the parties are nowhere near ready for trial. The case has now been stayed several times. The court is hopeful that this case will now proceed on the merits, rather than continue in its current direction.

3

join with the intervenor regarding the request to withdraw from arbitration, the plaintiff now requests that the court grant it permission to do so. The court agrees and will deem that Filing No. 98 is a motion to join the intervenor and it will be granted. The court has also considered the intervenor's pleadings of July 11, 2005, and again concludes that arbitration will not be required in this case. The plaintiff has asked this court to reissue its order of August 25, 2005, because defendant contends that this order is not valid, since it was issued during a time when the intervenor was in bankruptcy. To clear the record so that it is not bogged down again with another technicality, the court will reissue its August 25, 2005, order in conjunction with this order. Defendant has asked this court to further stay the case so it can appeal. The court will issue no stays pending appeal of this order at this time. If circumstances significantly change, the parties can renew their motion for a stay of this action at a later time. This case will proceed immediately on the merits.

IT IS ORDERED that:

1. The EEOC's objection, Filing No. 115, is denied as moot;

2. The Court determines, pursuant to Filing No. 129, that the automatic stay is inapplicable with respect to the Title VII litigation in this case, and this court has jurisdiction to enter this order;

3. Filing No. 98, a motion by the plaintiff to join the intervenor, nunc pro tunc, is granted;

4. The court orders the Clerk of Court to re-file Filing No. 107, Memorandum and Order entered August 25, 2005, as an attachment to this filing. Filing No. 107 is reissued as of this date and is hereby incorporated by reference in this Order;

5. The defendant's motion to enter a stay, Filing No. 117, is denied;

6. The court orders the magistrate to progress this case; and

7.  Defendant's motion to amend or alter the judgment, Filing No. 112, is denied.

DATED this 3rd day of February, 2006.

BY THE COURT:


s/Joseph F. Bataillon
United States District Judge