## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY, | ) | |
| COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | 8:03CV165 |
| | ) | |
| LOUELLA ROLLINS, | ) | |
| | ) | |
| Plaintiff - Intervenor, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| WOODMEN OF THE WORLD LIFE | ) | |
| INSURANCE SOCIETY and/or OMAHA | ) | |
| WOODMEN LIFE INSURANCE SOCIETY, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the defendant's Motion for Leave to Issue Subpoenas Duces Tecum (Filing No. 166). The defendant filed a brief (Filing No. 167) and an index of evidence (Filing No. 168) in support of the motion. The plaintiffs filed a joint response (Filing No. 171). The defendant then filed a reply brief (Filing No. 182) with an attachment.

## BACKGROUND

The EEOC filed this action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, alleging gender discrimination, sexual harassment, hostile work environment and retaliation by the defendant against Louella Rollins. **See** Filing No. 10. The EEOC states Rollins began working for the defendant in June of 1989. *Id.* ¶ 9. The EEOC alleges the defendant began harassing Rollins in June of 1994, which continued until her demotion in February 1999. *Id.* ¶10. The complaint alleges Rollins supervised a male who openly voiced his resentment over having to work for a woman, sexually harassed her, undermined her authority, and spread rumors about her. *Id.* ¶¶ 11-15. Although Rollins had complained about the male, when Rollins sought permission to fire the male, she was demoted. *Id.* ¶¶ 16-19. On October 7, 2003, the

court granted Rollins leave to intervene.  **See** Filing No. 29.  As part of their Answer to the Amended Complaint, the defendant alleges Rollins was demoted based on her performance and that Rollins failed to mitigate her damages.  **See** Filing No. 64.

The defendant now seeks leave to issue subpoenas to fourteen separate non-party entities to obtain financial, medical and personnel information about Rollins.  The defendant initially notified the plaintiffs of the intent to issue the subpoenas pursuant to NECivR 45.1.  The plaintiffs object to such issuance of the subpoenas based on relevance and contend the information is confidential.  The plaintiffs request that if the defendant's motion is granted a protective order is put in place to protect Rollins's privacy.  The defendant does not oppose such a protective order.  The parties have conferred pursuant to NECivR 7.1(i) and are unable to resolve their dispute.

## ANALYSIS

Parties may discover any relevant, unprivileged information that is admissible at trial or is reasonably calculated to lead to admissible evidence.  **See** Fed. R. Civ. P. 26(b)(1). Relevancy is to be broadly construed for discovery issues and is not limited to the precise issues set out in the pleadings.   Non-party subpoenas are subject to the relevancy requirement as discovery from parties in a case.  ***Pointer v. DART***, 417 F.3d 819, 821 (8th Cir. 2005).  Relevancy, for purposes of discovery, has been defined by the United States Supreme Court as encompassing "any matter that could bear on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." ***Oppenheimer Fund, Inc. v. Sanders***, 437 U.S. 340, 351 (1978).  Discovery requests should be considered relevant if there is any possibility that the information sought is relevant to any issue in the case and should ordinarily be allowed, unless it is clear that the information sought can have no possible bearing on the subject matter of the action.  **See** ***Burlington Ins. Co. v. Okie Dokie, Inc.***, 368 F. Supp. 2d 83, 86 (D. D.C. 2005).  Typically, the burden is on the party resisting discovery to explain why discovery should be limited given that the Federal Rules allow for broad discovery.  **See** ***Rubin v. Islamic Republic of Iran***, 349 F. Supp. 2d 1108, 1111 (N.D. Ill. 2004).  However, the proponent of discovery must make a threshold showing of relevance before production of information, which does

not reasonably bear on the issues in the case, is required. **Hofer v. Mack Trucks, Inc.**, 981 F.2d 377, 380 (8th Cir. 1993). Mere speculation that information might be useful will not suffice; litigants seeking to compel discovery must describe with a reasonable degree of specificity, the information they hope to obtain and its importance to their case. **See Cervantes v. Time, Inc.**, 464 F.2d 986, 994 (8th Cir. 1972). The court may issue a protective order to prevent discovery where "justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed. R. Civ. P. 26(c). The District Court "enjoys considerable discretion over discovery matters" and may limit the scope of discovery, if it has a good reason to do so. **Burlington Ins.**, 368 F. Supp. 2d at 86; **Pointer**, 417 F.3d at 821.

## A.    Financial Documents

The defendant seeks leave to subpoena eight of Rollins's creditors and financial institutions with whom she has done business. The defendant seeks "documents pertaining to any and all loans or credit extended to Rollins including but not limited to financial statements, income statements, asset/debit reports, legal descriptions and valuations of all property owned, credit history checks, any and all other documents maintained by each entity pertaining to business conducted with Rollins." **See** Filing No. 167 p. 4-5; Filing No. 168 Exhibit A. The defendant contends the information is relevant to the EEOC's damages claim, the defendant's defense of failure to mitigate and for potential admissions against interest. The defendant states Rollins placed any statements she made to various financial institutions and credits at issue in this case by alleging she suffered financial harm resulting in bankruptcy. Specifically, the defendant argues that because the plaintiffs assert Rollins's demotion caused her to be unable to work her financial situation is at issue in this case. The defendant seeks any contradictory statements or statements against interest which Rollins may have made. Finally, the defendant argues Rollins cannot claim the information is private due to Rollins's decision to file for bankruptcy. The defendant states it has no interest to use any financial information against Rollins in the bankruptcy proceeding. **See** Filing No. 182 p. 3-4.

The plaintiffs contend the defendant shows no relevance or legal justification for the financial subpoenas.  The plaintiffs contend the only logical reason for these subpoenas is to annoy or harass Rollins or use the information in the bankruptcy proceeding.  The plaintiffs argue her buying habits after her termination can have no relevance to the issues in this case.  The plaintiffs assert the federal rules do not allow the defendant to fish for potential admissions against interest in this manner.  Furthermore, the plaintiffs contend the defendant will obtain discovery related to mitigation of damages through the employer subpoenas.

The court finds the defendant has met its threshold burden of showing the relevance of the sought after information from Rollins's creditors and financial institutions with whom she has done business.  The defendant describes with a reasonable degree of specificity, the information it hopes to obtain and the importance to its case.  The plaintiffs have failed to show legal justification for refusal to permit the discovery sought.  Accordingly, the defendants' motion will be granted with regard to the financial information.  The plaintiffs' confidentiality and privacy concerns can be adequately protected through the use of a protective order as described by the parties in their briefs.

## B.    Medical Documents

The defendant seeks leave to subpoena three of Rollins's health care providers, including mental health care providers.  The defendant seeks "documents pertaining to treatment/services provided to Louella Rollins, including but not be limited to handwritten and typewritten counseling records, progress notes, new patient registration information, diagnostic and all other test results, medication record, correspondence from and to attorneys and insurance companies."  **See** Filing No. 167 p. 5-6; Filing No. 168 Exhibit A. The defendant contends Rollins's medical records are highly likely to lead to the discovery of information relevant to the EEOC's damages claim, the defendant's allegation that Rollins failed to mitigated her damages, and potential admissions against interest. Additionally, the defendant asserts that the plaintiffs have placed Rollins's mental health and past health history at issue by seeking emotional distress damages.  In further support, the defendant states the plaintiffs designated a psychologist to testify as an expert witness

4

and whose report takes into consideration Rollins's full physical and mental health history. Accordingly, the defendant contends the plaintiffs cannot claim the physical and mental health history is private or privileged.

The plaintiffs respond that they are willing to agree to production of relevant information for the relevant period. Specifically, the plaintiffs seek to limit the subpoenas to health care providers who saw Rollins either during her employment with the defendant or after, and limit the information to that associated with Rollins's employment. The plaintiffs seek to exclude production from Woodward & Associates who saw Rollins for gynecological examinations and related gynecological problems.

"If a plaintiff by seeking damages for emotional distress places his or her psychological state in issue, the defendant is entitled to discover any records of that state." *Doe v. Oberweis Dairy*, 456 F.3d 704, 718 (7th Cir. 2006) (affirming discovery of psychiatric records). This is because, "similar to attorney-client privilege that can be waived when the client places the attorney's representation at issue, a plaintiff waives the psychotherapist-patient privilege by placing his or her medical condition at issue." *Schoffstall v. Henderson*, 223 F.3d 818, 823 (8th Cir. 2000). However, an "emotional distress claim does not, however, give Defendants an unfettered right to pursue discovery into [the plaintiff's] entire medical history." *Manessis v. New York City Dept. of Transp.*, No. 02 CIV. 359SASDF, 2002 WL 31115032, at *2 (S.D.N.Y. Sept. 24, 2002) (citing cases) (noting waiver of privilege "does not permit discovery of information involving unrelated illnesses and treatment"). The plaintiffs do not dispute that Rollins's mental health is at issue this case. However, the plaintiffs seek to limit discovery in time and scope.

The court will not limit the discovery to the period beginning with Rollins's employment with the defendant. The defendant is entitled to discovery regarding Rollins's mental health prior to her employment to defend against the plaintiffs' assertion that the defendant's conduct caused emotional distress at or after the time of employment. The court agrees, information in the records may shed light on other contributing causes of Rollins' claims of emotional distress. For the same reason, discovery will not be limited to information associated with Rollins's employment. The court finds, however, the defendant has failed to make the threshold showing at this time of any relevance to this case

regarding Rollins's gynecological history. Therefore, the court will limit discovery by denying leave to issue a subpoena for medical history or information from Woodward & Associates who saw Rollins for gynecological examinations and related gynecological problems, without limiting the remaining health care providers' subpoenas. If discovery from Rollins's mental health providers suggests gynecological problems are relevant to issues in this case, the court will reconsider this ruling. The plaintiffs' confidentiality and privacy concerns can be adequately protected through the use of a protective order as described by the parties in their briefs.

**C.     Personnel Information**

The defendant seeks leave to subpoena personnel records from three of Rollins's current and former employers, for whom Rollins worked subsequent to her employment with the defendant. The defendant seeks "documents pertaining to the employment of Louella M. Rollins including but not limited to Louella Rollins' human resource file, contract file, any and all performance evaluations or reviews, documents showing dates of employment and salary history, and any and all EEO Complaints made by Louella Rollins." **See** Filing No. 167 p. 3; Filing No. 168 Exhibit A. The defendant contends the information sought is highly likely to lead to discoverable information relevant to the EEOC's damages claim, the defendant's defense that Rollins failed to mitigate her damages, and the defendant's defense that Rollins's demotion was occasioned by her poor performance. More specifically, the defendant argues Rollins has placed her work history at issue by alleging she suffered damages upon leaving the defendant's employ. The defendant contends Rollins failed to mitigate her damages by failing to continue work which would pay the same or more than her position with the defendant. Additionally, the defendant contends any statements Rollins made to subsequent employers regarding her employment with the defendant "in resumes, job applications, and job interview notes could be relevant to this litigation and are the most likely source for potential admissions against Rollins' interest with respect to this suit." **See** Filing No. 167 p. 4.

The plaintiffs contend Rollins's employment information since she left the employ of the defendant is not relevant to the claims or defenses in this matter. The plaintiffs state

6

the defendant has already been provided with tax and other financial information showing her earnings. Therefore, such information from current and former employers would be cumulative. The plaintiffs argue that in terms of mitigation, the only relevant information is whether Rollins left subsequent employment without an adequate reason. Based on that relevance, the plaintiffs "agree to subpoenas for records from companies with whom Rollins worked and from whom she separated, but only to the extent that Defendant sought information relevant to her dates of employment and the reasons for her departure." **See** Filing No. 171 p. 5. The plaintiffs disagree her employment records would be relevant to the defense that Rollins was demoted based on poor performance. The plaintiffs contend the subsequent job would have to be identical to her old job for such a comparison. Finally, the plaintiffs contend that the speculative search for statements against interest exceeds the purpose of discovery making the subpoenas abusive.

The defendant relies primarily on an unreported case, ***Walker v. Northwest Airlines Corp.***, No. Civ. 00-2604, 2002 WL 32539635 (D. Minn. Oct. 28, 2002). In ***Walker***, the plaintiff alleged termination from employment based on racial discrimination, but the defendant claimed the plaintiff was terminated for cause. ***Walker***, 2002 WL 32539635 at *1. During discovery, the plaintiff refused to sign authorizations for his wage and employment records without narrowing the scope of production by time and scope. ***Id.*** at *2. The ***Walker*** court concluded the authorization was not overly broad or unnecessarily invasive of the plaintiff's privacy and that

> both past and post-termination wage and employments records are highly relevant to the issue of mitigation and to the computation of damages in this case. Third, other types of employment information such as disciplinary records, resumes, and applications may not be admissible at trial, but are reasonably calculated to lead to admissible evidence.

***Id.***

In opposition, the plaintiffs rely on ***McKennon v. Nashville Banner Pub. Co.***, 513 U.S. 352 (1995) for the proposition that after-acquired evidence of applicant wrongdoing does not constitute a defense to liability. However, the plaintiff's reliance on ***McKennon*** is misplaced. The ***McKennon*** Court addressed whether a defendant could avoid liability

7

for discriminatory discharge when evidence was discovered after the plaintiff's termination, which would have resulted in the plaintiff's termination from employment had the defendant known about it earlier. ***McKennon*** has no application here where the defendant seeks information related only to post-employment records.

The court finds the rationale in ***Walker*** persuasive and applicable. The court finds that although the plaintiffs have provided certain financial information, the employment records sought are not cumulative as they may contain additional information. Further, the employment records may contain information relevant to Rollins's mitigation of damages. Additionally, Rollins's general job performance records reasonably bear on the defendant's stated reason for Rollins's demotion and is reasonably likely to lead to admissible evidence. The plaintiffs' confidentiality and privacy concerns can be adequately protected through the use of a protective order as described by the parties in their briefs. Upon consideration,

**IT IS ORDERED:**

1.      The defendant's Motion for Leave to Issue Subpoenas Duces Tecum (Filing No. 166) is granted in part and denied in part. The defendant's motion is denied with respect to the subpoena for Woodward & Associates, and granted in all other respects.

2.      The parties shall confer regarding a proposed protective order to protect Rollins's sensitive medical and employment records, prior to the issuance of the subpoenas at issue. The parties may submit the proposed protective order to the undersigned magistrate judge for review and signature. Alternatively, if no agreement can be reached, the plaintiffs shall file a motion for protective order, attaching their proposed order, and filing a brief outlining their position. The defendant will have time to respond pursuant to NECivR 7.1.

DATED this 1st day of February, 2007.

BY THE COURT:

 s/ Thomas D. Thalken
United States Magistrate Judge