IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) | 8:03CV165 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v . | ) | |
| | ) | |
| | ) | |
| WOODMEN OF THE WORLD LIFE INSURANCE SOCIETY and/or OMAHA WOODMEN LIFE INSURANCE SOCIETY, | ) | |
| | ) | |
| Defendant. | ) | MEMORANDUM AND ORDER |
| ------------------------------------------------------- | ) | |
| LOUELLA ROLLINS, | ) | |
| | ) | |
| Intervener/Cross-Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WOODMEN OF THE WORLD LIFE INSURANCE SOCIETY and/or OMAHA WOODMEN LIFE INSURANCE SOCIETY, | ) | |
| | ) | |
| Cross-Defendant. | ) | |

This matter is before the court on defendant's motions for summary judgment, Filing Nos. 172 and 173, and motion for continuance, Filing No. 186, filed by the Equal Opportunity Commission (EEOC). Defendant argues that the conduct complained of by the Intervenor Rollins does not rise to the level of severity and pervasiveness to support either a hostile work environment or sexual harassment claim. Second, defendant argues that Rollins was not treated differently than similarly situated males. Third, defendant contends that there is not sufficient evidence to support the retaliation claim, as the "dismal performance" of Rollins is the real reason for the discipline. The EEOC responds arguing

that (1) discovery has not been completed in this case, and in fact, defendant has refused

to supply relevant documents to the EEOC which would support its claims of disputed

facts, and (2) there are issues of material fact as to severity and pervasiveness, as to

treatment of similarly situated male employees, and as to Rollins' performance.

## STANDARD OF REVIEW

On a motion for summary judgment, the question before the court is whether the

record, when viewed in the light most favorable to the nonmoving party, shows that there

is no genuine issue as to any material fact and that the moving party is entitled to judgment

as a matter of law.  Fed. R. Civ. P. 56(c); *Mansker v. TMG Life Ins. Co.*, 54 F.3d 1322,

1326 (8th Cir. 1995).  Where unresolved issues are primarily legal rather than factual,

summary judgment is particularly appropriate.  *Id.*

The burden of establishing the nonexistence of any genuine issue of material fact

is on the moving party.  Fed. R. Civ. P. 56(c); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144,

157 (1970).  Therefore, if the defendant does not meet its initial burden with respect to an

issue, summary judgment must be denied notwithstanding the absence of opposing

affidavits or other evidence.  *Adickes*, 398 U.S. at 159-60; *Cambee's Furniture, Inc. v.

Doughboy Recreational Inc.*, 825 F.2d 167, 173 (8th Cir. 1987).

Once the defendant meets its initial burden of showing there is no genuine issue of

material fact, the plaintiff may not rest upon the allegations of his or her pleadings but

rather must set forth specific facts, by affidavit or other evidence, showing that a genuine

issue of material fact exists.  *See* Fed. R. Civ. P. 56(e); *Chism v. W.R. Grace & Co.*, 158

F.3d 988, 990 (8th Cir. 1998).  The party opposing the motion must do more than simply

show that there is some metaphysical doubt as to the material facts; he or she must show

2

"there is sufficient evidence to support a jury verdict" in his or her favor.  *Id.*  Rule 56(c)
"mandates the entry of summary judgment, after adequate time for discovery and upon
motion, against a party who fails to make a showing sufficient to establish the existence
of an element essential to that party's case, and on which that party will bear the burden
of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Facts are viewed in
the light most favorable to the nonmoving party, "in order to defeat a motion for summary
judgment, the non-moving party cannot simply create a factual dispute; rather, there must
be a genuine dispute over those facts that could actually affect the outcome of the lawsuit."
*Carter v. St. Louis University,* 167 F.3d 398, 401 (8th Cir. 1999); *Ghane v. West,* 148 F.3d
979, 981 (8th Cir. 1998).  In ruling on a motion for summary judgment, a court must not
weigh evidence or make credibility determinations.  *Kenney v. Swift Transp. Co.*, 347 F.3d
1041, 1044 (8th Cir. 2003).

Summary judgment should seldom be granted in discrimination cases.  *Heaser v.
Toro*, 247 F.3d 826, 829 (8th Cir. 2001).  In passing on a motion for summary judgment, it
is not the court's role to decide the merits.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S.
242, 249 (1986) (on motion for summary judgment, district court should not weigh evidence
or attempt to determine truth of matter).  The court must simply determine whether there
exists a genuine dispute of material fact.  *Bassett v. City of Minneapolis*, 211 F.3d 1097,
1107 (8th Cir. 2000).

The Supreme Court established a three-step framework for analyzing discrimination
in the workplace.  *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and *Texas
Dep't of Community Affairs v. Burdine*, 450 U.S. 248 (1981).  Under the burden-shifting
framework, the plaintiff in the present case must establish: (1) that he is a member of a
protected class, (2) that he was meeting the employer's legitimate job expectations, (3) that

3

he suffered an adverse employment action, and (4) that similarly situated employees outside the protected class were treated differently. *Tolen v. Ashcroft,* 377 F.3d 879, 882 (8th Cir. 2004).  The Eighth Circuit has stated that a plaintiff must establish a prima facie case of discrimination, which creates a presumption that the employer unlawfully discriminated against the employee. *Id.* The burden then shifts to the employer to show a nondiscriminatory reason for the adverse action and then back to the plaintiff to show that the articulated reason is merely a pretext for discrimination. *Id.*

## DISCUSSION

First, with regard to the EEOC's claim that defendant has failed to produce documents, the court agrees.  The defendant has raised these claims and defenses, yet it appears that defendant has refused to produce relevant documents to the EEOC that bear on these same issues.[1]  Filing No 186, Exs. 3, 4, 5, 6, 7, 8, and 11.  The court finds this unacceptable.  For this reason alone, the court denies defendant's motions for summary judgment.

However, in the alternative, the court also finds that the questions raised by the defendant in its motions for summary judgment are of a factual nature.  The EEOC has submitted sufficient evidence to create a genuine issue of material fact on all issues.  Filing Nos. 186, 193, and 194 with attached exhibits.  Accordingly, the court will also deny defendant's motions for summary judgment on this basis that material facts exist which must be decided at trial.

---

[1]Motions to compel are currently pending before the Honorable Thomas Thalken. Filing Nos. 190 and 193.  The court will not delve into the specifics of those motions.  However, for purposes of the summary judgment currently before it, the court finds that defendant has failed to produce relevant, material records to the EEOC.

4

The court has previously warned counsel that it is unhappy with the posturing that has occurred in this case.  Filing No. 130, p. 3, n.2.  The plaintiff filed this case on April 29, 2003.  Yet, in the spring of 2007, four years later, the parties are still fighting over discovery issues.  This is a very simple employment case.  There is no excuse for the 210 filings to date.  The magistrate will address these discovery issues over the next few weeks.  Thereafter, the court instructs the magistrate to set this case for the earliest, realistic trial date.   If at trial the court determines that relevant discovery has not been produced, or if the court determines that inappropriate posturing is occurring, the court will impose appropriate sanctions.

THEREFORE, IT IS ORDERED:

1.   Defendant's motions for summary judgment, Filing Nos. 172 and 173, are denied.

2.  The EEOC's motion for a continuance, Filing No. 186, is denied as moot as it relates to this Memorandum and Order.

3.  Filing No. 186 is hereby referred to the magistrate for review and decision as it relates to the failure of the defendant to provide adequate and timely discovery to the EEOC.  Once the magistrate has decided all the pending discovery disputes, the magistrate shall  set this case for the earliest, realistic trial date.

DATED this 28th day of February, 2007.

BY THE COURT:


**s/ Joseph F. Bataillon**
Chief Judge

5