IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | 8:03CV165 |
| LOUELLA ROLLINS, | ) ) | |
| Plaintiff - Intervenor, | ) ) | |
| vs. | ) ) | ORDER |
| WOODMEN OF THE WORLD LIFE INSURANCE SOCIETY and/or OMAHA WOODMEN LIFE INSURANCE SOCIETY, | ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court on the plaintiffs' Second Motion to Adequate Responses to Discovery and Request for Reasonable Expenses (Filing No. 193). The plaintiffs filed exhibits attached to the motion. The defendant filed a brief (Filing No. 206) and an index of evidence (Filing No. 207) in opposition to the motion. The plaintiffs then filed a reply brief, with additional exhibits attached (Filing No. 219).

## BACKGROUND

The EEOC filed this action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, alleging gender discrimination, sexual harassment, hostile work environment and retaliation by the defendant against Louella Rollins. **See** Filing No. 10. The EEOC states Rollins began working for the defendant in June of 1989. *Id.* ¶ 9. The EEOC alleges the defendant began harassing Rollins in June of 1994, which continued until her demotion in February 1999. *Id.* ¶10. The complaint alleges Rollins supervised a male who openly voiced his resentment over having to work for a woman, sexually harassed her, undermined her authority, and spread rumors about her. *Id.* ¶¶ 11-15. Although Rollins had complained about the male, when Rollins sought permission to fire the male, she was demoted. *Id.* ¶¶ 16-19. On October 7, 2003, the

court granted Rollins leave to intervene. **See** Filing No. 29. As part of their Answer to the Amended Complaint, the defendant alleges Rollins was demoted based on her performance and that Rollins failed to mitigate her damages. **See** Filing No. 64.

The plaintiffs seek supplemental responses to (First Set) Interrogatory Nos. 4, 6 and 14 regarding other discrimination complaints against the defendant and comparator information for Rollins. Additionally, the plaintiffs seek supplemental disclosures regarding (First Joint Set) Request for Production Nos. 14, 34 and 35 related to the internal investigations conducted by Olivia Crimiel-Minor. The plaintiffs initially moved to compel discovery related to more requests, but have since withdrawn their motion as to those requests. **See** Filing No. 219, p. 9. The defendant objects to providing supplemental responses to the disputed discovery requests. The parties have conferred pursuant to NECivR 7.1(i) and are unable to resolve their dispute.

## ANALYSIS

Parties may discover any relevant, unprivileged information that is admissible at trial or is reasonably calculated to lead to admissible evidence. **See** Fed. R. Civ. P. 26(b)(1). Relevancy is to be broadly construed for discovery issues and is not limited to the precise issues set out in the pleadings. Relevancy, for purposes of discovery, has been defined by the United States Supreme Court as encompassing "any matter that could bear on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." ***Oppenheimer Fund, Inc. v. Sanders***, 437 U.S. 340, 351 (1978). Discovery requests should be considered relevant if there is any possibility that the information sought is relevant to any issue in the case and should ordinarily be allowed, unless it is clear that the information sought can have no possible bearing on the subject matter of the action. **See** ***Burlington Ins. Co. v. Okie Dokie, Inc.***, 368 F. Supp. 2d 83, 86 (D. D.C. 2005). "All discovery requests are a burden on the party who must respond thereto. Unless the task of producing or answering is unusual, undue or extraordinary, the general rule requires the entity answering or producing the documents to bear that burden." ***Continental Illinois Nat'l Bank & Trust Co. of Chicago v. Caton***, 136 F.R.D. 682, 684-85 (D. Kan. 1991) (citation omitted). Typically, the burden is on the party resisting

discovery to explain why discovery should be limited given that the Federal Rules allow for broad discovery. **See *Rubin v. Islamic Republic of Iran***, 349 F. Supp. 2d 1108, 1111 (N.D. Ill. 2004). However, the proponent of discovery must make a threshold showing of relevance before production of information, which does not reasonably bear on the issues in the case, is required. ***Hofer v. Mack Trucks, Inc.***, 981 F.2d 377, 380 (8th Cir. 1993). Mere speculation that information might be useful will not suffice; litigants seeking to compel discovery must describe with a reasonable degree of specificity, the information they hope to obtain and its importance to their case. **See *Cervantes v. Time, Inc.***, 464 F.2d 986, 994 (8th Cir. 1972). The court may issue a protective order to prevent discovery where "justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed. R. Civ. P. 26(c). The District Court "enjoys considerable discretion over discovery matters" and may limit the scope of discovery, if it has a good reason to do so. ***Burlington Ins.***, 368 F. Supp. 2d at 86.

### A.     Evidence of Gender-based Harassment or Discrimination

In Interrogatory No. 5, the plaintiffs seek the identity of

> each individual who has filed an internal complaint of gender-based (sex) harassment or discrimination during the relevant time period, as defined above, and state:
> a.   the nature of the case; and
> b.   the eventual disposition and/or status of the case.

**See** Filing No. 193, Exhibit 5.

Similarly, Interrogatory No. 6 seeks:

> From calendar year 1993 to present, state whether Woodmen of the World or any of its related entities or fraternal organizations has ever been named a party to any civil or administrative action involving the alleged discriminatory treatment or discriminatory harassment, as defined above, of any employee. If so, for each action, state:
> a.   the case caption, including docket number and the court or administrative agency in which the action was commenced;
> b.   the nature of the case; and
> c.   the eventual disposition and/or status of the case.

***Id.***

The defendant responded by stating:

> Defendant objects to Interrogatory No. 5 as exceeding the scope of the Federal Rules of Civil Procedure, overly broad, having the tendency of harassing Defendant, and not reasonably calculated to lead to the discovery of relevant information.  Information about other allegations of gender discrimination, unknown to Ms. Rollins, bears no relevance to the veracity of Ms. Rollins' allegations and will not be admissible to prove the truth of Ms. Rollins' allegation.  Defendant further objects to Interrogatory No. 5 to the extent it calls for information protected by the attorney client privilege or work product exception.

*Id.*

The defendant lodged an identical objection to Interrogatory No. 6.  *Id.*

The plaintiffs argue they are entitled to discovery regarding evidence of sexual harassment directed at employees other than the plaintiff as relevant to the claim of hostile work environment.  The plaintiffs allege civil or administrative actions concerning complaints of discrimination, harassment and retaliation are relevant to the issue of intent and pretext.  Further, the plaintiffs contend country-wide information is particularly relevant in this case because Rollins was a State Manager and subject to supervision and retaliation by officials from the defendant's Omaha headquarters.  Further, the plaintiffs contend Rollins was the second woman in the history of the defendant to hold a State Manager position.  The plaintiffs assert Rollins met with considerable hostility from several male subordinates and Rollins' was prevented from meting out discipline by her superiors.

The defendant argues that information about discrimination actions filed against the entire company sweeps too broadly, particularly where the matter is not a class action and there are not claims alleging a pattern of discrimination.  The defendant contends that any discrimination complaints made outside of Rollins' work environment are irrelevant.  Additionally, the defendant states the plaintiff EEOC should have access to administrative actions filed with its agency and other civil actions are public records equally available to all parties.

"[E]vidence of sexual harassment directed at employees other than the plaintiff is relevant to show a hostile work environment."  ***Hall v. Gus Const. Co., Inc.***, 842 F.2d

4

1010, 1015 (8th Cir. 1988) (**citing *Hicks v. Gates Rubber Co.***, 833 F.2d 1406, 1415-16 (10th Cir. 1987)).  Further, "background evidence of an employer's discriminatory policies or practices may be critical for the jury's assessment of whether a given employer was more likely than not to have acted from an unlawful motive."  ***McPheeters v. Black & Veatch Corp.***, 427 F.3d 1095, 1101 (8th Cir. 2005) (internal citations and quotations omitted).  However, discovery is typically limited to "the same form of discrimination claimed by plaintiff, to the same department or agency where plaintiff worked, and to a reasonable time before and after the discrimination complained of."  ***Mitchell v. Nat'l R.R. Passenger Corp.***, 217 F.R.D. 53, 57 (D. D.C. 2003).  Additionally, "in the context of investigating an individual complaint the most natural focus is upon the source of the complained of discrimination the employing unit or work unit.  To move beyond that focus the plaintiff and the EEOC must show a more particularized need and relevance."  ***Marshall v. Westinghouse Elec. Corp.***, 576 F.2d 588, 592 (5th Cir. 1978); **see *Onwuka v. Federal Express Corp.***, 178 F.R.D. 508, 517 (D. Minn. 1997) ("Likewise, Courts have often limited the discovery of company records to the local facility, at which the Plaintiff was employed, in the absence of a showing of particularized need for regional or nationwide discovery.") (**citing *Carman v. McDonnell Douglas Corp.***, 114 F.3d 790, 792 (8th Cir. 1997) ("Company-wide statistics are usually not helpful in establishing pretext in an employment-discrimination case, because those who make employment decisions vary across divisions.")).

      In this case, the plaintiffs have made a showing of particularized need and relevance for nationwide information related to gender-based harassment or discrimination.  Furthermore, in this context there is no difference between internal complaints and information related to civil or administrative complaints sought by the plaintiffs.  **See *Barfoot v. Boeing Co.***, 184 F.R.D. 642, 644 (N.D. Ala. 1999) (other limited EEOC complaints, lawsuits and charges may reveal the existence of patterns of race/national origin discrimination").  Finally, the defendant's contention that the plaintiffs have access to judicial information in public records is unavailing.  The argument that a plaintiff has access to documents is significant only where the court is weighing the relative burden on a defendant of obtaining such documents.  Even an objection based on information that

the moving party is already in possession of documents or information it seeks is an insufficient response to discovery requests. See **Walt Disney Co. v. DeFabiis**, 168 F.R.D. 281, 284 (C.D. Cal. 1996); **Cook v. Rockwell Intern. Corp.**, 161 F.R.D. 103, 105 (D. Colo. 1995). The defendant has failed to sustain its burden of showing the objections to Interrogatory Nos. 5 and 6 are valid. Therefore, the objections are overruled. The defendant shall supplement its responses to Interrogatory Nos. 5 and 6 to reflect responsive information limited to gender-based harassment or discrimination.

The parties rely on their arguments above with regard to Request for Production Nos. 34 and 35.[1] For the reasons stated above, the defendant's objections are overruled. Accordingly, the defendant shall also supplement its responses to Request for Production Nos. 14, 34 and 35.

---

[1]
>
> In Request for Production No. 14, the plaintiffs seek
>> Beginning with calendar year 1992, produce "Annual Reports" including the numerical breakdown of the field division position by EEO-1 category and the narrative reports, as described by Designee-Agent Olivia Crimiel-Minor in FRCP 30(b)(6) depositions, to the extent these may be missing from LR6355-LR6841 and/or to the extent that the produced documents do not cover the relevant time frame to the present. (EEO Reports file).
>
> **See** Filing No. 193, Exhibit 11.
>> The defendant gave the following response.
>>> Objection. The Request is overly broad, unduly burdensome, and unlikely to lead to the [sic] discovery relevant to this litigation. Moreover, the data requested can be derived from the documents produced at LR6355 through LR7374.
>
> *Id.*
>
>> In Request for Production No. 34, the plaintiffs seek:
>>> Produce the informal log that is maintained by Olivia Crimiel-Minor to record the receipt of discrimination and/or harassment complaints, as described in the Second FRCP 30(b)(6) Corporation deposition on the *Faragher* Affirmative Defense.
>
> *Id.*
>
>> In Request for Production No. 35, the plaintiffs seek:
>>> For the relevant time period, produce complete investigative files of the complaints that Olivia Crimiel-Minor records on the informal log, as described in the Second FRCP 30(b)(6) Corporation deposition on the *Faragher* Affirmative Defense.
>
> *Id.*
>
> The defendant responded the same way to both requests, by stating, "Objection. Request No. 34 is irrelevant and is unduly burdensome and not likely to lead to the discovery of relevant information." *Id.*

**B.     Comparator Evidence**

In Interrogatory No. 14, the plaintiffs seek:

> For each calendar year from 1989 (when Lou Rollins began working with Woodmen of the World to the present, identify by name, last known address, and job title, gender, each and every employee who performed the duties of a State or of an Area Manager, and state:
> a. date of hire, location and date of separation, if any;
> b. whether the individual had been disciplined, demoted, involuntarily transferred, involuntarily retired, or terminated for reasons similar to the reasons Woodmen of the World demoted Ms. Rollins;
> c. factors considered for imposing the discipline, demotion, involuntary transfer, involuntary retirement, or termination;
> d. the name, job title, and last known address of each individual who participated in or made the decision to discipline, demote, involuntarily transfer, involuntarily retire, or terminate the individual; and
> e. the identity of each and every document, as defined in 7(c) above, on which you base your answer to this interrogatory.

**See** Filing No. 193, Exhibit 5. The plaintiffs have since limited the interrogatory to only State Managers. **See** Filing No. 219, p. 7.

Initially, the defendant lodged the following objection:

> Defendant objects to Interrogatory No. 14 as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant information. During any year during the time frame set forth in Interrogatory No. 14, the Woodmen employed more than 600 area managers and approximately 100 state managers.
>
> Subject to the foregoing objection, Defendant directs the Plaintiff to the documents produced at LR5345 through LR5352, which is a listing of all state and area managers who were removed from their positions during the relevant time period and the reason the individuals were removed. This listing includes all state and area managers who, like Louella Rollins, were designated as "Not Meeting Requirements" or "NMR" and thus removed from a state or area manager position during the relevant time frame.

**See** Filing No. 193, Exhibit 5.

7

The plaintiffs contend the defendant failed to produce meaningful information because the chart produced (Filing No. 193, Exhibit 7) contains only "NMR" rather the underlying reason for the employment action. The plaintiffs also state the chart is incomplete because it does not contain all information sought in Interrogatory No. 14 and inaccurate as compared to the information already known by Rollins. The plaintiffs argue the defendant failed to provide enough information for the plaintiffs to determine comparator information independent of the defendant's assessment.

The defendant states it has "produced all requested information as to every State Manager employed by the Society during the relevant time period." **See** Filing No. 206 p. 8 (citing the chart). The defendant states that

> Rollins was demoted for not meeting requirements. Every other State Manager who was similarly treated for similar reasons was disciplined, demoted, transferred, retired or terminated for not meeting requirements. The answer is apparent from the question, and thus, the Society should not have to identify documents in its possession capable of verifying the obvious. That Plaintiffs are without documents sufficient to determine independently which managers were terminated for reasons similar to the reasons for which Rollins was demoted <u>results from an incurable defect in Plaintiffs' interrogatory, and is not the result of any actions or conduct on the part of the Society</u>.

**See** Filing No. 206, p. 10-11 (emphasis added).

There is no dispute the plaintiffs are entitled to basic comparator information. The chart provided by the defendant is an insufficient response to the plaintiffs' Interrogatory No. 14. The defendant has failed to substantiate its objections to the sections of the interrogatory for which no response was produced. Further, the defendant's failure to either describe the reasons for the employment action beyond merely stating "NMR" or by providing the underlying documents renders the response inadequate.

Federal Rule of Civil Procedure 33(b)(1) provides: "Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to." Under Rule 33 "answers must be responsive, full, complete and unevasive." ***Pilling v. GMC***, 45 F.R.D. 366, 369 (D. Utah 1968). "Neither questions nor their answers should be interpreted with excessive rigidity or technicality, but a rule of reason should be applied as to both. If the

respondent is unable to answer for lack of information or for other reason he should indicate the reasons rather than ignore the inquiry in whole or in part; if an interrogatory is deemed in good faith to be improper, objection should be timely filed." *Id.* Under Rule 37(a)(3) "evasive or incomplete disclosures and responses to interrogatories and production requests are treated as failures to disclose or respond. Interrogatories and requests for production should not be read or interpreted in an artificially restrictive or hypertechnical manner to avoid disclosure of information fairly covered by the discovery request, and to do so is subject to appropriate sanctions under [Rule 37(a)]." Fed. R. Civ. P. 37, advisory committee notes (1993); **see also *Omega Eng'g, Inc. v. Omega, S.A.*,** 2001 WL 173765, *4 (D. Conn. Feb 06, 2001). The defendant interpreted Interrogatory No. 14 with excessive rigidity or technicality and responded with a hypertechnical answer, rendering the response inadequate. Accordingly, the defendant shall supplement its response to Interrogatory No. 14 by fully responding and by providing the underlying documents.

### C. Sanctions

With regard to motions to compel discovery responses, Federal Rule of Civil Procedure 37(a)(4)(A) provides:

> If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(4)(A). The defendant's failure to provide adequate discovery responses required the plaintiffs to file this motion to compel. The court shall, after the defendant has a chance to respond, grant the plaintiffs' reasonable expenses for filing such

9

motion, unless the defendant shows substantial and legal justification for the failure to provide discovery responses. **See** Fed. R. Civ. P. 37(a)(4)(A). Upon consideration,

**IT IS ORDERED:**

1. The plaintiffs' Second Motion to Adequate Responses to Discovery and Request for Reasonable Expenses (Filing No. 193) is granted. The plaintiffs' motion is granted with regard to Interrogatory Nos. 5, 6 and 14, and Request for Production Nos. 14, 34 and 35, the remaining requests having been withdrawn.

2. The defendant shall supplement its responses to these discovery requests as more fully described above **on or before April 6, 2007**.

3. The defendant shall have to **on or before April 6, 2007**, to show cause why the plaintiffs should not be awarded reasonable costs and attorney's fees incurred in bringing this motion to compel, in accordance with Fed. R. Civ. P. 37(a)(4)(A).

4. The court will hold a status telephone conference with counsel **on April 13, 2007, at 3:00 p.m.** Counsel for the plaintiff shall initiate the telephone conference.

DATED this 15th day of March, 2007.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge